**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEST SUPPLEMENT GUIDE, LLC; SEAN COVELL, | No.    20-17362 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-00965-JAM-CKD |
| v. | |
| GAVIN NEWSOM, in his official capacity as the Governor of California; XAVIER BECERRA, in his official capacity as the Attorney General of California; SONIA Y. ANGELL, MD, MPH, in her official capacity as the Director and State Public Health; COUNTY OF SAN JOAQUIN; CITY OF LODI; MAGGIE PARK, MD., in her official capacity as the Public Health Officer of San Joaquin County, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| KATHERINE MILLER, in her official capacity as a member of, and the Chair of the San Joaquin County Board of Supervisors; TOM PATTI, in his official capacity as a member of, and as Vice Chair of, the San Joaquin County of Board of Supervisors; MIGUEL VILLAPUDUA, in his official capacity as a member of the San Joaquin | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

County Board of Supervisors; CHUCK WINN, in his official capacity as a member of the San Joaquin County Board of Supervisors; BOB ELLIOTT, in his official capacity as a member of the San Joaquin County Board of Supervisors; SHELLIE LIMA, in her official capacity as the San Joaquin County Director of Emergency Services; PATRICK WITHROW, in his official capacity as the Sheriff of San Joaquin County; DOUG KUEHNE, in his official capacity as a member of the Lodi City Council and Mayor of Lodi; ALAN NAKANISHI, in his official capacity as a member of the Lodi City Council and Mayor Pro Tempore of Lodi; MARK CHANDLER, in his official capacity as a member of the Lodi City Council; JOANNE MOUNCE, in her official capacity as a member of the Lodi City Council; SIERRA VRUCIA, in his official capacity as the Chief of the City of Lodi Police Department; SIERRA BRUCIA; MARCIA CUNNINGHAM,

Defendants.

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted December 10, 2021
Pasadena, California
Submission deferred December 13, 2021
Resubmitted June 15, 2022

Before: M. SMITH, LEE, and FORREST, Circuit Judges.

Plaintiffs operate a membership-based gym in San Joaquin County,

California. Due to state and local public health orders, the gym was required to shut down for several months during the COVID-19 pandemic. Plaintiffs brought this lawsuit against a variety of state, city, and county officials, alleging both federal and state law claims. Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's order dismissing this case against the city and county defendants. We dismiss the appeal against the state defendants as moot.

We stayed this case pending our en banc court's decision in *Brach v. Newsom*, No. 20-56291, 2022 WL 2145391 (9th Cir. June 15, 2022). Because Plaintiffs' request for declaratory and injunctive relief depends on "the mere *possibility* that California might again" shut down businesses, all claims against the state defendants are now moot. *Id.* at *2. Because Plaintiffs seek damages against the city and county defendants, however, those claims are not moot. *See Porter v. Jones*, 319 F.3d 483, 488–89 (9th Cir. 2003) (finding the plaintiff's claims for damages, including those brought under the California Constitution, were not moot because they represented a "live controversy . . . between the parties.").

Plaintiffs fail to state a First Amendment freedom of speech claim. The public health orders restricted conduct that only incidentally burdened speech. *See Virginia v. Hicks*, 539 U.S. 113, 123–24 (2003). Plaintiffs also fail to state a freedom of

3

association claim. Similar to the dance hall patrons in *City of Dallas v. Stanglin*, the gym members here are not an organized group gathering to "take positions on public questions." 490 U.S. 19, 24–25 (1989) (quoting *Bd. of Dirs. of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 548 (1987)).

Plaintiffs' Fifth Amendment Takings Clause claim also fails. To determine whether an act constitutes a regulatory taking, courts consider several factors including (1) "[t]he economic impact of the regulation on the claimant," (2) "the extent to which the regulation has interfered with distinct investment-backed expectations," and (3) "the character of the governmental action." *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). The second and third factors cut strongly against finding the public health orders were a regulatory taking. Plaintiffs' gym was shut down for about five months with an additional eleven months of restrictions, and the public health orders "adjust[ed] the benefits and burdens of economic life to promote the common good." *Id.*; *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 319–20, 342–43 (2002). Likewise, Plaintiffs cannot state a Takings Clause claim under the California Constitution. *See Bottini v. City of San Diego*, 238 Cal. Rptr. 3d 260, 283 (Cal. Ct. App. 2018) (holding that the *Penn Central* test applies to regulatory takings claims under the California Constitution).

Neither the Supreme Court nor the Ninth Circuit recognizes the right to

intrastate travel, so the district court did not err in dismissing Plaintiffs' Fourteenth Amendment right to travel claim. *See, e.g.*, *Nunez by Nunez v. City of San Diego*, 114 F.3d 935, 944 n.7 (9th Cir. 1997).

Plaintiffs have not stated a Fourteenth Amendment procedural or substantive due process claim. Even assuming Plaintiffs had adequately alleged a deprivation of a protected interest, the public health orders fall under a well-recognized category of governmental actions that satisfy procedural due process. *See Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1260–61 (9th Cir. 1994) ("[G]overnmental decisions which affect large areas and are not directed at one or a few individuals do not give rise to the constitutional procedural due process requirements of individual notice and hearing."). As for their substantive due process claim, Plaintiffs have not adequately alleged any fundamental interest. *See Franceschi v. Yee*, 887 F.3d 927, 937 (9th Cir. 2018). Thus, rational basis applies to Plaintiffs' right to property and occupation claims, but they have not shown that the public health orders are "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals or general welfare." *Slidewaters LLC v. Wash. State Dep't of Labor and Indus.*, 4 F.4th 747, 758 (9th Cir. 2021) (quoting *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1058 (9th Cir. 2012)).

As for Plaintiffs' equal protection claim, they have not plausibly alleged they received discriminatory treatment as compared to a similarly situated group. *See*

5

*Thornton v. City of St. Helens*, 425 F.3d 1158, 1167–68 (9th Cir. 2005). Plaintiffs' equal protection claim under the California Constitution similarly fails. *See Kenneally v. Med. Bd.*, 32 Cal. Rptr. 2d 504, 507 (Cal. Ct. App. 1994) (holding that equal protection under the Fourteenth Amendment and the California Constitution are "substantially equivalent and are analyzed in a similar fashion.").

Plaintiffs fail to state a Contracts Clause claim. Even assuming that the public health orders substantially impaired contractual relationships, Plaintiffs have not carried their burden of proving that the orders were not "an 'appropriate' and 'reasonable' way to advance 'a significant and legitimate public purpose.'" *Sveen v. Melin*, 138 S. Ct. 1815, 1822 (2018) (quoting *Energy Rsrvs. Grp., Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411–412 (1983)); *see also Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles*, 10 F.4th 905, 913 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 1699 (2022).

Lastly, Plaintiffs cannot state a claim for a violation of their right to liberty pursuant to article I, section 1 of the California Constitution. *See Nat. Org. for Reform of Marijuana Laws v. Gain*, 161 Cal. Rptr. 181, 187 (Cal. Ct. App. 1979) ("The guarantees of that section are not absolute and do not operate as a curtailment on the basic power of the Legislature to enact reasonable police regulations.").

We dismiss this appeal against the state defendants as moot and remand with instructions for the district court to vacate its judgment and dismiss the state

6

defendants from this lawsuit.  We affirm the district court's order dismissing all claims against the city and county defendants.

**AFFIRMED IN PART, DISMISSED IN PART, AND REMANDED.**